DR. MILES MEDICAL CO. v. SNELLENBURG et al.

(Circuit Court, E. D. Pennsylvania. March 26, 1907.)

No. 36.

EQUITY—PLEADING—EXCEPTIONS TO ANSWER.
A defendant will be required to file a new answer on the filing of exceptions to the original answer, which contains objectionable and irrelevant matter intermingled with parts that are good, so that the result of

sustaining the specific exceptions would be to leave the remaining parts disjointed and not in good form.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 532.]

On Exceptions to Answer.

Frank F. Reed, Edward S. Rogers, and Biddle & Ward, for complainants.

Simpson & Brown, for respondent.

J. B. McPHERSON, District Judge. It would be a tedious and unprofitable task to consider these numerous exceptions seriatim. Some of them certainly ought to be sustained—notably those which object to the use of unnecessary epithets, and also the sixteenth, which seeks to introduce an irrelevant issue. The difficulty about taking up each exception in detail is that the passage objected to is frequently partly good and partly bad, so that the result of striking out the objectionable matter in such case would be to leave the passage disjointed, and sometimes not fairly expressive of the defendants' thought. I think, therefore, that the best and shortest way out of what might easily become a serious tangle is to require the defendants to recast their answer in a more dignified and dispassionate tone, avoiding, also, the introduction of all matter that is not strictly relevant. With this end in view, I shall sustain the exceptions pro forma, and direct the defendants to file a new answer within 20 days.